IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE:<br>LUIS OSVALDO BATISTA<br>   Debtor/Movant | : | CHAPTER 13 |
| | : | CASE NO. 1:18-bk-00021-HWV |
| V. | : | Objection to Claim No. 2 |
| CHALMERS A. SIMPSON, JR.<br>   Respondent | : | |

## MOTION TO GRANT AMENDED PRIORITY PROOF OF CLAIM

[CAPTION]

## MOTION TO GRANT AMENDED PRIORITY PROOF OF CLAIM

TO THE HONORABLE, THE JUDGE OF THE SAID COURT:

AND NOW COMES the Respondent/Movant Chalmers A. Simpson, Jr. by himself and filed the Motion to Grant Amended Priority Proof of Claim in the above captioned matter, and states the facts thereof in support as follows:

1. Debtor Luis O. Batista filed a Chapter 13 Bankruptcy 1/4/2018 through his Counsel Dorothy L. Mott, Esq.

2. After being served by courts which stated Debtor filed Chapter 13, Respondent filed Proof of Claim with the court.

3. On June 28th 2018 the courts ORDERED all parties to mediation pursuant to Rule 9019-2.

4. Parties fully complied with the ORDER but was unsuccessful.

5. On August 21st 2018 the courts ORDERED a hearing on the Objections shall be held, the court ORDERED Movant to file Amended Proof of Claim, on August 8th 2018 Movant filed Amended Priority Proof of Claim.

6. On August 15th 2018 Debtors Counsel filed Objection to the

Movant(s) Amended Proof of Claim which was an Amended Priority Proof of Claim.

7. On August 22nd 2018 the court ORDERED hearing held on the related document(s) which Movant filed.

8. The courts ORDERED Movant to request for a hearing and/or respond to the objection on or before September 14th 2018, for the following reasons Movant asserts the following:

a. Debtor(s) Counsel filed Objection to Amended Proof of Claim which Movant filed August 8th 2018.

b. Counsel alledged that Movant request $3,700.00 or $4,000.00 which was $3,700.00 plus interest which will be total of $4,000.

c. Counsel alledges that there is no basis for priority status claim.

d. Counsel alledges that Respondent does not hold a Priority claim, and Movants claim shall be disallowed.

MEMORANDUM:

9. This case is before this court, Counsel filed Objection to Movants Amended Priority Claim filed.

10. PROOF OF CLAIM entitles Movant to the amount of money he is OWED, and

11. PRIORITY CLAIM which entitles Movant to be paid since he has been waiting long for Debt to be paid by Debtor before general unsecure claims see Rules 507.

12. Because all of the other proof of claims were timely filed by the other creditors, the questions presented shall be whether the their proof of claims are recognized as to share in the forth

comings distribution to unsecure creditors.

13. There is a established deadline for filing proof of claims in bankruptcy cases.

14. The courts have often looked at Fed.R.Civ,P. Rule 15(c) as guidelines, see Highlands Ins. Co. v. Alliance Operating Corp. (In re Alliance Operating Corp.), 60 F.3d 1174, 1176 (5th Cir. 1995); Excel Energy, Inc, v. Smith (In re Commonwealth Institutional Sec., Inc.), 286 B.R. 851, 857 (W.D.Ky.2002), aff'd 394 F.3d 401 (6th Cir. 2005); United States v. Miller, 118 B.R. 76,78 (E.D.Tenn. 1989); In re Blue Diamond Coal Co.,147 B.R. 720,725 (Bankr. E.D. Tenn. 1992).

RULE 15(c):

15. which provides that an amendment will relate back to the filing of the original pleading if "the claim.....asserted in the amended pleading arose out of the conduct, transaction, and/or occurence set forth or attempted to be set forth in the original pleadings.

QUESTION PRESENTED:

16. Movants question is that the claim arises out of the same "conduct" transaction and/or occurence" as did the secured claim that preceded it.

17. In Chapter 13 case called Winters, 380 B.R. 855 (2007), in which the bankruptcy court held that an amended proof of claim for a deficiency will relate back to the prior secure proof of claim only if the creditor has expressed reserved that right to amend its original secure claim.

18. See, also In re Hibble, 371 B.R. 730, 737 (Bankr. E.D. Pa. 2007); In re McBride, 337 B.R. 451, 460 (Bankr. N.D.N.Y. 2006), In re Ashland Steel Co. 168 F.679 (6th Cir. 1909, it was held that proper to allow the amendment of a claim so as to establish it as a priority claim for the first time, see the Sixth Circuit held: "the substantive claim having been proven within the time allowed by the act, it was within the power of the courts to allow the claim priority, and give them the preference to which by law they were entitled";

19. If claim is properly prepared, it is prima facie evidence of the obligation owed by the debtor, the true validity and amount, as a result, a claimed is deemed allowed pursuant to 12 U.S.C. 50 502(a), Debtor objected, the burden of proof is on the objecting party to provide evidence, the claimant has a burden of proof that a claim shall be considered, and whether creditor shall be paid under the underlying state law, see,

Fed.R.Civ.P. 3002(a),

Fed.R.Civ.P. 3001(f) and in

In re Allegheny Int'l, Inc. 954 F.2d 167, 173-74 (3rd Cir. 1992)

20. Determining the amount of if there is priority claim pursuant to Rule 3012 sets fourth determining the amount and the amount of priority claim after claim is filed.

WHEREFORE, the courts shall determine that the amount owed to Movant shall be a priority claim, and before the courts consider Movants Amended Proof of Claim as priority Movant request that the courts first consider the totality of all circumstances in this case:

(1) the nature of the debt,

(2) the timing of Debtors petition,

(3) how the debt arose,

(4) the debtors motive in the filing the petition,

(5) how the debtors action affected the creditor,

(6) whether the debtor has been truthful with bankrupcty court.

WHEREFORE, it is requested that the courts allow hearing to be he held, debtor be ordered to attend prove that he is entitled to Chapter 13, and the objections be poseponed until after hearing i is held to determine that Movant has priority status....

Dated: 9-14-2018

*Chalmers A. Simpson, Jr.*
CHALMERS A. SIMPSON, JR.
P.O. BOX 5533
HARRISBURG, PA. 17110
717-317-4587

## PROOF OF VERIFICATION OF SERVICE

I Chalmers A. Simpson, Jr. do hereby certify and verify that any statements made herein are true and correct to the best of my information, ability and belief, and that any false statements made herein are made subject to the penalties of section 18 Pa. C.S. pursuant to 4904 related to unsworn falsification to authorities.

Dated: 9-14-2018

*(signed)* CHALMERS A. SIMPSON, JR.

## PROOF OF CERTIFICATION OF SERVICE

I Chalmers A. Simpson, Jr. do hereby certify and verify that a true and correct copy of the foregoing has been served to:

1. United States Bankruptcy Court, Ronald Regan Federal Building, 3rd Floor, Third & Walnut Street, Harrisburg, Pa. 17101

2. Attorney at Law, Dorothy L. Mott, Esq., Mott & Gendron Law 125 State Street Harrisburg, Pa. 17101

3.

4.

Dated: 9-14-2018

*(signed)* CHALMERS A. SIMPSON, JR.
P.O. BOX 5533
Harrisburg, Pa. 17110
717-317-4587 / 717-571-3841

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

IN RE:
LUIS OSVALDO BATISTA : CHAPTER 13
    Debtor/Movant
: CASE NO. 1:18-bk-00021-HWV

V. : Objection to Claim No. 2

CHALMERS A. SIMPSON, JR. :
    Respondent

ORDER

AND NOW, this ___ day of _____, 2018, upon consideration of Movant(s) Motion to Amended Priority Proof of Claim, it is ORDERED that the motion is:

___ GRANTED

___ DENIED

_____ J.