# CONFIDENTIAL SETTLEMENT AGREEMENT AND GENERAL RELEASE

This Settlement Agreement and General Release ("Agreement") is made between Luis Batista ("Releasor") and United Parcel Service Oasis Supply Corporation, a corporation and Waggoner Construction, Inc., a corporation and Waggoner Construction, Inc., Byron Waggoner Construction, Inc., Selective Insurance Company of the Southeast ("SELECTIVE") and Liberty Mutual Insurance Company, their parents, affiliates, successors, assigns, directors, officers, agents, servants, and employees, and all other persons and/or entities whether herein named or not ("Releasees").

WITNESSETH:

**WHEREAS**, the parties hereto intend to fully and finally settle in accordance with the terms of this Agreement any and all disputes, claims, cross claims, demands, appeals, and causes of action of any nature or kind which exist between them or have been, or could have been asserted or made on behalf of Releasor and Releasees, including but not limited to, those asserted or which could have been asserted as a result of slip and fall accident that occurred on or about February 2, 2019, at 298 Airport Drive, Dauphin County, Pennsylvania, which is the subject of the action filed in the Court of Common Pleas of Dauphin County, Pennsylvania; Civil Action Docket No. 2020-CV-11898-CV, as well as in any future, present or previous administrative, judicial, local agency, grievance or appellate proceeding related in anyway thereto, all such actions, appeals, grievances, complaints and related proceedings hereinafter collectively referred to as the "Litigation" and

**WHEREAS**, the parties to this Agreement desire to reduce the Agreement of Settlement reached by and among them to a formal writing.

NOW, THEREFORE, in consideration of the mutual covenants and conditions hereinafter contained and intending to be legally bound hereby, Releasor and Releasees agree as follows:

1. **Settlement Funds.** In consideration of good and valuable consideration as provided herein paid and/or payable in accordance with provisions set forth in Paragraph 14 below to Releasor and his attorneys, Releasor for himself, his attorneys, heirs, executors, administrators, insurers, successors and assigns do fully and completely release and forever discharge and hold harmless Releasees and the related and affiliated companies, predecessors, successors, assigns, past and present, directors, officers, attorneys, insurers, agents, employees and stockholders from any and all suits, causes of action, claims, liens, demands, and costs of whatsoever nature, whether based on contract, tort, or other theory of recovery, whether compensatory or punitive or for attorneys' fees and/or costs, whether known or unknown, suspected or unsuspected, foreseen or unforeseen, liquidated or unliquidated, which were or could have been asserted now, or in the future, against Releasees, or either of them, which arise from or relate to those matters which are the subject of the Litigation.

2. **Payment of Liens.** It is expressly warranted that any and all liens asserted by any person, firm, corporation, or government entity as a result of any of the facts and circumstances giving rise to the Litigation will be satisfied by Releasor out of the settlement proceeds. Additionally, Releasor will release, indemnify, defend, and hold harmless Releasees herein released from any claims, demands, or suits of any kind from any liens asserted in connection with the facts and circumstances arising from the Litigation.

3. **Releasor's Right for Other Claims.** Nothing in this Agreement shall constitute a waiver of Releasor's right to pursue claims for Underinsured Motorist Coverage, First Party

Benefits, Social Security Disability benefits, disability insurance, medical insurance or other disability benefits and is not a release of such claims, notwithstanding such disability claims which may arise from the injury or injuries sustained in the incident of February 2, 2019.

4. **Liens.** It is understood and expressly agreed that Releasor satisfies any and all liens asserted arising from the Litigation and will indemnify and hold harmless Releasees and will satisfy any claim, including litigation costs, expenses and attorneys' fees incurred by any Releasee regarding any and all liability arising from any workers' compensation lien, Heart & Lung Act lien, health insurance lien, and any other lien with regard to any medical, disability or compensations paid or payable, or any lien, conditional payment, and/or demand for payment by the Pennsylvania Department of Public Welfare and/or C.M.S. in connection with the incident of February 2, 2019.

Releasor warrants that he is not collecting Social Security Disability benefits and is not eligible for Social Security based on age. Releasor further warrants that he is not eligible for Medicare benefits and that Medicare has not made conditional payments relating to injuries suffered by Releasor on February 2, 2019.

To the extent any governmental agency, including Medicare, may assert a future interest in the proceeds of this Agreement, Releasor agrees to fully satisfy, indemnify and hold Releasees harmless from any and all penalties, liens, conditional payments, demands, and actions at law or in equity, or for any other payments that may be required to such agencies for future medical care related to the incident of February 2, 2019.

5. **Stipulation of Dismissal with Prejudice.** Simultaneous with the execution of this Agreement, Releasor, through his counsel, will file a Praecipe to Settle, Discontinue, and

End in the Court of Common Pleas of Dauphin County, Pennsylvania at docket number 2020-CV-11898-CV.

6. **Warranty of Exclusive Rights.** Releasor represents and warrant that he has the sole right and exclusive authority to execute this Agreement and agree that the sums specified herein will be made payable to "Luis Batista and Balzarini & Watson" that Releasor has not sold, assigned, transferred, conveyed, or otherwise disposed of any of the claims, liens, demands, obligations or causes of actions released in Paragraph 1 of this Agreement.

7. **No Admission of Wrongdoing/Liability.** Releasor and Releasees agree and acknowledge that in consideration of the funds to be paid, the mutual promises of the parties set forth in this Agreement the receipt and sufficiency which is hereby acknowledged, are a full and complete compromise of matters involving disputed issues and that said consideration shall not in any way be construed as an admission by Releasor or Releasees and/or any of their directors, officers, agents, employees or representatives of any liability or wrongdoing whatsoever, but rather constitutes the good faith settlement of disputed claims. Releasor and Releasees specifically disclaim any liability or wrongdoing whatsoever, or on the part of their former or present directors, officers, employees, agents or representatives. The parties to this Agreement have entered into this Agreement for the sole and purely practical purposes of resolving all disputes and actions to the Litigation, and thereby avoiding the burden, disruption, expense, delay and uncertainties of litigation.

8. **Warranty of Voluntary Agreement.** Releasor and Releasees warrant they have entered into this Agreement voluntarily and in their own accord without reliance on any inducement, promise, or representation by any other party, except those who are expressly set forth in this Agreement. This Agreement contains and constitutes the entire understanding of the

Page **4** of **8**

Case 1:18-bk-00021-HWV    Doc 127    Filed 06/19/23    Entered 06/19/23 11:37:05    Desc
Main Document    Page 4 of 8

agreement between the parties respecting the subject matter hereof and may not be changed or altered in any way except by a writing signed by all parties hereto.

9. **Warranty of Understanding and Acknowledgment.** Releasor acknowledges he has carefully read this Agreement, knows and understands its contents and freely and voluntarily agree to all of its terms and conditions. Releasor warrants he has obtained and utilized the advice of counsel, Edward J. Balzarini, Jr., Esquire and Laura E. Balzarini, Esquire, with regard to this Agreement.

10. **Governing Law.** It is hereby agreed by the parties that this Agreement shall be governed by the laws of the Commonwealth of Pennsylvania, regardless of any conflicts of law provision requiring reference to the rules of, decision in and/or laws of another state or sovereign nation.

11. **Entire Agreement and Successors in Interest.** The terms and conditions contained in this Agreement supersede all prior oral and written understandings between Releasor and Releasees and constitutes the entire agreement between them concerning the subject matter of this Agreement. This Agreement shall not be modified or amended except by a writing signed by all parties. Further, this Agreement shall be binding upon the executors, administrators, personal representatives, heirs, successors, and assigns of each.

12. **Cooperation.** Releasor and Releasees agree to cooperate fully and execute any and all supplementary documents and to take all additional steps or actions which may be necessary or appropriate to give full force and effect the basic terms and intent of this Agreement.

13. **Indemnification.** As further consideration for this Release, Releasor agrees to defend, indemnify, and save forever harmless Releasees against any and all claims, demands,

and/or actions for loss and/or damage made by others on account of or in any many resulting from injuries, losses and/or damages claimed in connection with the litigation, regardless of whether such injuries, losses and/or damages are caused in whole or in part by a party indemnified hereunder, including payment of any costs, expenses, and/or attorney's fees incurred in the defense of any such claims, demands, and/or actions.

14. **Payment**. SELECTIVE, on behalf of Releasees, agrees to pay Luis Batista, Five Hundred Seventy Five Thousand Dollars ($575,000.00) which is the agreed upon and acknowledged money consideration for this Agreement.

Releasees shall, within twenty (20) days after receiving a signed copy of this Agreement, forward to counsel for Releasor the settlement draft.

15. **Attorneys Fees and Costs**. Releasor and Releasees shall each bear their own attorneys' fees and costs, if any, arising from the Litigation filed.

16. **Severability**. This Release and Settlement Agreement may be executed in counterparts, and multiple copies of this Settlement may be executed, each of which, however, shall be one and the same document. Facsimile signatures shall be binding to the same effect as originals and the Parties agree to be bound thereby and to waive any argument that such facsimile signatures are invalid.

17. **Full Force and Effect.** If any portion of this General Release is determined to be invalid by law, the parties agree that the remaining portions of this General Release not declared invalid will continue in full force and effect.

18. **Confidentiality.** Releasors further agree that the terms as well as the fact of entering into this Release, including money amounts paid in settlement, shall be strictly confidential, except to the extent that Releasors can share it with legal counsel, tax advisors or

accountants, taxing authorities or as otherwise required by law or legal process. Releasors and Releasors' agents and attorneys expressly agree to decline comment to any individual whatsoever of the fact or terms of the settlement reached between Releasors and Releasees as well as the instant Release.

<b><u>CAUTION: THIS IS A RELEASE</u></b><br><b><u>READ BEFORE SIGNING</u></b>

WITNESS my hand and seal this _____ day of _____, 2023.

_____    _____(SEAL)
LUIS BATISTA                                                        WITNESS

Sworn to and subscribed before me this _____ day of _____, 2023.

_____
Notary Public

My Commission Expires:

LEGAL/153425359.v1